# Commonwealth ex rel. Unemployment Compensation Commission v. Kaufman Straus Co.

May 15, 1945.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, (Helen Stephenson, of counsel), for appellant.

Selligman & Greenebaum for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The action was instituted by the Commonwealth of Kentucky, on relation of the Unemployment Compensa-

tion Commission, against appellee, Kaufman Straus Company, to recover judgment for unemployment compensation contributions, together with accrued penalties, for the years 1936 to 1942, inclusive. The contributions are on wages of persons working in certain departments of the Kaufman Straus store in Louisville which are operated by various and sundry lessees under contracts with Kaufman Straus Company. All of the lessees covered by the Unemployment Compensation Act have paid contributions direct to the Commission upon the employees working in their departments. On the wages of the employees of these lessees the Commission seeks to collect again, but from Kaufman Straus Company instead of the lessees. Others of the lessees are not covered employers because they do not employ (if it should be determined that they are the employers) a sufficient number of wage earners to require contributions to the Commission. Similar suits are pending in the Franklin Circuit Court against other companies operating department stores in the identical manner in which the Kaufman Straus store is operated. Because the relation of all the defendants to the question and all of the contracts of lease substantially are identical, the Commission and the defendants have agreed that the decision in respect to the Kaufman Straus Company and its lessee, Paristyle Novelty Company, shall be conclusive of the Commission's claims against the defendants in the other cases.

Kaufman Straus Company, in keeping with a custom participated in by a majority of the large department stores throughout the United States, operates some of its departments by direct supervision, and others under contracts of lease. This custom has been in existence for a period of thirty years or longer, and was not adopted for the purpose of averting liability under the Unemployment Compensation Act, or, so far as we are informed, for any other ulterior purpose. The Paristyle Novelty Company, Incorporated, is a New York corporation, with its principal office and place of business in New York City. It is, and for more than thirty years has been, engaged in the business of operating several hundred beauty parlors throughout the United States and Canada. The most of these parlors are operated under leases identical with or similar to the one involved in this case.

Section 901 of the Social Security Act, 49 Stat. 620, Chapter 531, 42 U. S. C. A. sec. 1101, levies a Federal excise tax equal to three per centum of the total wages paid by every employer of eight or more persons for twenty weeks or longer in any calendar year in the United States. Section 902 of the Act, 42 U. S. C. A. sec. 1102, provides that any taxpayer may receive credit on the excise tax for contributions paid by him into an unemployment compensation fund created by any sovereignty of the United States, provided the law of such sovereignty is approved and certified by the Social Security Board in accordance with standards prescribed in Section 903 of the Social Security Act, 42 U. S. C. A. sec. 1103. Such credit, however, shall not exceed ninety per centum of the Federal tax. The Commonwealth of Kentucky, in pursuance of the Social Security Act, and for the express purpose of conforming thereto, enacted an unemployment compensation law in the year 1936. The Act, as re-enacted and amended, is compiled in KRS 341.010 to 341.990, inclusive. While the rate to be paid under the State law varies in accordance with the condition of the employer's reserve fund, the Act levies a basic tax upon all wages paid by a covered employer in an amount equal to two and seven tenths per centum of the total taxable wages paid by employers to employees. As hereinbefore indicated, this amount, when paid, is certified to the Collector of Internal Revenue for credit on the excise tax imposed by the Federal Government. Some differences have arisen, as one has in this case, in the determination of the question of the identity of the employer. Unfortunately, the construction given the employer-employee relationship by the Treasury Department of the United States, charged with the enforcement and collection of the Federal excise tax, and that contended for by the Unemployment Compensation Commission, charged with the duty of administering the Kentucky Unemployment Compensation Act, are not the same. In the instant case, the Federal agency has determined, as Kaufman contends, that the Paristyle Novelty Company is the employer of the workmen engaged in the operation of the Kaufman Straus Beauty Shop, whilst the Unemployment Compensation Commission contends that Kaufman Straus Company is the employer of such workmen. These contentions present the sole question for our determination. The

Chancellor determined the question contrary to the contention of the Commission.

The question posed does not involve a determination of the relationship of Kaufman Straus and the employees as it might affect the liability of the former for a tort committed by the latter. It involves merely a determination of the relationship of the employees to Kaufman Straus or Paristyle in respect to the intention of the legislative bodies of the United States Government and the Commonwealth of Kentucky to fix liability for Unemployment Compensation contributions on the one or the other.

The lease is too long to copy at length in the opinion, and it is unnecessary, since we can concisely state the provisions which affect the decision of the case. The terms of the lease provide:

(1) All sales made by Paristyle must be made in conformity with the system or method prescribed by Kaufman.

(2) All credit sales must be approved by the Credit Department of Kaufman, whose decision shall be final.

(3) Personnel "employed by" Paristyle shall possess the qualifications, meet the standards, and fulfill the requirements established by Kaufman, and the employment and discharge of such personnel is subject to the approval of Kaufman, whose decision shall be final.

(4) The final decision in respect to any dispute, claim, demand, or controversy between Paristyle and the customer shall be determined conclusively by Kaufman.

(5) Paristyle must comply with and adhere to all rules, regulations, and business policies established by Kaufman, and the latter may demand the dismissal of any employee working in the beauty shop for violation of any of Kaufman's rules.

(6) The beauty shop must operate and remain open during the hours designated by Kaufman.

(7) The employees of the shop must participate in all "store events."

(8) The shop must operate under the trade name of Kaufman Straus, and must conform to the latter's business and merchandising policies.

(9) Paristyle at its own cost must effect and keep in effect a policy of insurance approved by and acceptable to Kaufman insuring against risks and liabilities imposed by the Workmen's Compensation Law.

(10) Salaries and wages of all employees of the beauty shop shall be fixed, determined and paid or caused to be paid by Paristyle; provided that with the exception of salaries paid managers and assistant managers, the scale of salaries and wages at no time shall be less than the scale currently prevailing in other departments of the store.

(11) All receipts of the department shall be controlled by Kaufman, who shall account to Paristyle on the fifteenth of each calendar month following such receipts.

(12) Kaufman guarantees the collection of all approved charge accounts.

(13) All fixtures and equipment used in the beauty shop are furnished and owned by Paristyle.

(14) Paristyle must pay for all decorating and redecorating of the leased premises, but the fixtures and decorations shall be in harmony with other fixtures and decorations in the store.

(15) Paristyle independently purchases all goods, wares, and merchandise for sale or use in the department, and is not privileged to obligate Kaufman on any such item.

(16) Kaufman's accounting department from the receipts of the beauty shop pays the operators in the department, but the manager is paid from the New York office.

It is apparent that Kaufman has some control over the employees of Paristyle; but it equally is apparent that Paristyle retains exclusive control of the employees in many respects, and to such an extent as to give substance to appellee's contention that Paristyle is an independent contractor, and, as such, is the employer, as that term is used in the Unemployment Compensation Act. Reasonable minds may differ in determining the question involved. As a matter of fact, the individual members of this Court are not in accord upon the question. But the whole Court is of the opinion that the terms of the contract and the laws applicable are suf-

ficiently ambiguous in respect to the question involved as to necessitate, or. at least render advisable, resort to contemporaneous construction as a guide to our decision.

The first construction given the contract by the Internal Revenue Department, whose duty it is to administer the Federal Act imposing the excise tax, was rendered December 22, 1936, and held the lessee to be the employer responsible for the payment of the tax. On February 3, 1941, the Department reconsidered the question and held the lessor to be the employer; but within four months, viz., July 5, 1941, reverted to its first construction, and has not changed since. Thus, the Treasury Department's construction of the contract, in its relation to the Federal excise tax, is, and almost continuously has been, that the lessee (in this case Paristyle) is responsible for the payment of the tax. The Unemployment Compensation Commission, charged with administering the Kentucky Unemployment Compensation Act, on April 13, 1937, first construed the contract in the light of the State law, and held the lessee to be the employer; but, upon being advised of the Treasury Department's ruling of February 3, 1941, the Commission changed its ruling. The second construction given by the Commission was not an independent construction, but was one given to conform to the construction given by the Treasury Department, but which almost immediately was revoked. However, despite the theoretical change in the ruling of the Commission, such change actually was not put into effect, which is evidenced by the fact that the Commission has continued,. even during the pendency of this action, to accept payments from the lessee, thus recognizing it to be the employer. This continuous policy of administration on the part of the Commission will be deemed to be its construction of the Act and the contract, despite its contention to the contrary in this action, which was instituted for the purpose of having the question determined. It will thus be seen that the independent contemporaneous constructions given the contract by both the Federal and State agencies charged with administering the Acts in question are in agreement and conform to the construction given by the Chancellor in the instant case. The parties to the contract of lease, viz., Kaufman Straus Company and Paristyle Novelty Company, have construed the con-

tract in the same manner. This construction has been in existence since December 22, 1936, and it must be presumed that the Congress of the United States and the Legislature of Kentucky are familiar with such construction; and, since neither the Congress nor the General Assembly has amended either of the Acts, the further presumption will be indulged that they have accepted such construction as conforming to their intendments. We therefore conclude, under the doctrine of contemporaneous construction, that the lessee is the employer, and that appellee, Kaufman Straus Company, is not required to report or pay unemployment compensation contributions on the wages of the employees in question.

This decision is fortified by the fact that the Unemployment Compensation Act was passed for the express purpose of conforming to the Federal Social Security Act under which the Federal excise tax was levied. A great injustice would result to the taxpayer from a conflict between the Federal and State agencies in the construction of contracts similar to the one involved in this case, because the payer of the Federal excise tax would not receive the credit Congress intended by paying the tax imposed by the Unemployment Compensation Act. On the other hand, the result of this decision will be that many employees working in the Kaufman Straus store will not be entitled to the benefits of the Unemployment Compensation Act, whilst fellow workmen within arm's length will be covered thereunder. The Federal and State administrative agencies should endeavor to agree in cases of this kind; and legislation should be proposed to correct any evil an agreed construction might render in individual cases.

The judgment is affirmed.